**In The**
*Court of Appeals*
*Ninth District of Texas at Beaumont*
**NO. 09-21-00068-CV**

**IN RE ELARA SIGNATURE HOMES, INC., ELARA HOMES, INC., ELARA CONSTRUCTION, INC., AUBREY HALL, AND TEXSTAR HOLDINGS, L.L.C.**

**Original Proceeding**
**457th District Court of Montgomery County, Texas**
**Trial Cause No. 18-09-11899-CV**

**MEMORANDUM OPINION**

Last year, in a case we will refer to in this opinion as Elara I, we conditionally granted mandamus relief to a homebuilder and related entities on their petition seeking mandamus relief from an order compelling production of many of the Relators' financial records.[1] In resolving the issues presented in that petition, we considered whether the plaintiff, a subsequent purchaser of a home, was entitled to

---

[1]*See In re Elara Signature Homes, Inc.*, 611 S.W.3d 62, 68 (Tex. App.—Beaumont 2020, orig. proceeding) (Elara I).

1

obtain broad financial discovery from the entity that built the home, its owner, and several allegedly related entities now owned and controlled by the individual who owned the entity that built and sold the home. In the lawsuit, the plaintiff alleged he was injured in the home when he fell on a staircase built with an allegedly defective staircase railing. The plaintiff did not purchase the home from the entity that built it; instead, he purchased it as a used home from an individual who originally purchased the home. In Elara I, we concluded the discovery the plaintiff served on Relators exceeded the scope of discovery permissible based on the allegations in the plaintiff's live petition, so we ordered the trial court to withdraw its order compelling the Relators to provide the financial documents the trial court ordered the Relators to provide to the plaintiff.

After deciding Elara I, the trial court withdrew the order it signed on the plaintiff's motion to compel, as we suggested that it should do when we decided Elara I. After that, the plaintiff amended his petition and served a new, more narrow set of discovery requests on the Relators. The plaintiff's amended petition adds a claim that he did not include in the petition before us in Elara I, which alleges the entity that built the home and the individual who was in control of it fraudulently transferred assets out of that entity after the plaintiff filed a lawsuit and they learned he was claiming to have been injured when he fell in his home.

2

The Relators lodged objections to the amended and narrower discovery requests that form the basis of the complaints the Relators raise in their petition seeking mandamus that we consider here. They argued the amended requests to produce remained far too broad and still exceeded the scope of permissible discovery that is allowed under the Rules. In response to the objections, the plaintiff moved to compel the Relators to produce the documents he asked for in his amended discovery requests. In February 2021, by order, the trial court compelled the Relators to produce many (but not all) the documents the plaintiff asked the Relators to produce. After the trial court ordered the Relators to comply with some of the plaintiff's requests, they then asked the trial court, by motion, to reconsider its ruling and withdraw the order it signed on the plaintiff's motion to compel.

The trial court denied the Relators' motion to reconsider and they then filed a petition for mandamus seeking relief from the order compelling the Relators to respond to the plaintiff's amended request to produce. Arguing the trial court abused its discretion by ordering them to produce financial documents that comply with the plaintiff's requests, Elara Signature Homes, Inc., Elara Homes, Inc., Elara Construction, Inc., Aubrey Hall, and Texstar Holdings, L.L.C. filed a petition for mandamus. They argue the trial court abused its discretion by compelling discovery exceeding the scope of permissible discovery under the Rules.[2] They claim the trial

---

[2]*See* Tex. R. Civ. P. 192.3 (Scope of Discovery).

court erred by compelling discovery based on what they characterize as superficial allegations suggesting they acted in concert to transfer assets away from the entity that built the home with the purpose of leaving the plaintiff without recourse should he prevail on his claims at trial.

We have examined copies of the plaintiff's live pleadings, the petition for mandamus, the appendix, and the other documents found in the sworn record. At this stage of the proceedings, we must assume the plaintiff made his claims in good faith.[3] If proven true, the allegations in the plaintiff's current live pleadings state a legal basis sufficient to allow the trial court to exercise its discretion when controlling discovery disputes by allowing the plaintiff to conduct discovery relevant to the subject matter of the pending actions, meaning the financial transactions that involved the Relators and the entity that built the home after the Relators were aware the plaintiff filed suit.[4] Simply put, the Relators' petition for mandamus relief fails to demonstrate how the trial court's decision was "so arbitrary and unreasonable as to amount to a clear and prejudicial error of law[.]"[5]

---

[3]*See* Tex. R. Civ. P. 13. Nothing in the record in the mandamus proceeding reflects Relators have asked the trial court to sanction the plaintiff based on any allegations he included in his pleadings under Rule 13.

[4]*See In re Alford Chevrolet-Geo*, 997 S.W.2d 173, 180 (Tex. 1999) (orig. proceeding).

[5]*In re State Farm Lloyds*, 520 S.W.3d 595, 604 (Tex. 2017) (orig. proceeding) (internal quotation omitted).

4

Accordingly, we deny the Relators' petition for writ of mandamus and their motion for temporary relief.[6]

PETITION DENIED.

PER CURIAM

Submitted on April 14, 2021
Opinion Delivered April 15, 2021

Before Kreger, Horton and Johnson, JJ.

---

[6]*See* Tex. R. App. P. 52.8(a)